## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| ENRIQUE LOPEZ-RUELAS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:12-09136 |
| | ) |
| JOEL ZIEGLER, Warden, | ) |
| | ) |
|     Respondent. | ) |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 18, 2012, Petitioner, acting *pro se*,[1] filed an Application to Proceed *in Forma Pauperis*, an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody, and Memorandum in Support. (Document Nos. 1 - 3.) In his Petition, Petitioner asserts the following grounds for relief:

(1) Movant's Sixth Amendment right to effective assistance of counsel was egregiously violated when trial counsel failed to file the appropriate motion requesting to reduce Movant's sentence based on the sentencing disparity between similarly situated defendants created by the existence of "fast track" programs presently being employed and utilized in other federal jurisdictions;"

(2) The U.S. District Court was improperly denied the opportunity to reduce Movant Lopez-Ruelas' sentence;

(3) This Court should review trial counsel's failure to ensure Movant received the benefits associated with the "fast track" program notwithstanding the sentence and collateral attack appeal waiver provisions contained in the plea agreement;

(4) Movant Lopez-Ruelas respectfully avers that his criminal history is

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

    egregiously over represented due to his age, previous convictions, limited educational background and other relevant sentencing factors were not taken into consideration by the U.S. District Court when sentencing Movant to a term of 63 months incarceration; and

 (5) Movant can establish "cause and prejudice" for procedural default due to ineffective assistance of counsel.

(Document Nos. 2 and 3.) As relief, Petitioner requests that the "Court vacate the present conviction, judgment and sentence now being served and resentence Movant with a Criminal History Score of VI and a total offense level of 17."[2] (Id.)

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.

---

 [2] The undersigned notes that the United States District Court for the District of Arizona dismissed Petitioner's Section 2255 Motion on July 30, 2012. *United States v. Lopez-Ruelas*, 2012 WL 3108802 (D.Ariz. July 30, 2012). Petitioner's Section 2255 Motion contained arguments similar to those arguments asserted in his Section 2241 Petition.

Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 6, 2013.

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: May 5, 2015.

R. Clarke VanDervort
United States Magistrate Judge